UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON KELLY, ) | |
| ) | NO.  CV-10-0312-LRS |
| Plaintiff, ) | |
| ) | **ORDER DENYING DEFENDANT SAB'S** |
| -vs- ) | **MOTION TO DISMISS** |
| ) | |
| SPOKANE AIRPORT BOARD dba ) | |
| SPOKANE INTERNATIONAL AIRPORT, ) | |
| and DALE OLSEN, ) | |
| ) | |
| Defendants. ) | |

**BEFORE THE COURT** is Defendant Spokane Airport Board's ("SAB") Motion to Dismiss, Ct. Rec. 6, filed on October 14, 2010 and argued on January 12, 2011.  Aaron Rasmussen participated on behalf of the Plaintiff; Stephen Phillabaum participated on behalf of Defendant SAB. The Court having considered the oral and written argument of counsel, enters this order to supplement and memorialize the oral rulings of the Court.

## I. BRIEF STATEMENT OF THE CASE

This is a §1983 and diversity case that arose when a Spokane Airport Police Department ("SAPD") officer, Dale Olsen, allegedly violated plaintiff Sharon Kelly's ("Plaintiff") constitutional rights by escalating a parking ticket situation in front of Terminal C at the Spokane International Airport ("SIA") into unreasonably stopping, seizing, using excessive force against, arresting, detaining in a holding cell, searching and criminally charging Plaintiff.  Plaintiff's Complaint was filed on September 17, 2010. On October 14, 2010 SAB served a Motion to Dismiss on plaintiff.  No scheduling conference has been held in this case and no discovery has been conducted while the motion has been pending.  Plaintiff has filed a First Amended Complaint on November 4,

ORDER - 1

2010 pursuant to Fed.R.Civ.Proc. 15(a) without having the benefit of discovery and based solely on her informal investigation.

## II. DISCUSSION

### A.    Defendant's Motion to Dismiss

The Plaintiff alleges SAB d/b/a SIA and its SAPD violated her established constitutional rights by: 1)Adopting a policy or adhering to a custom that caused the alleged constitutional violations; 2) Being deliberately indifferent to an obvious risk that persons, including Plaintiff, would be subjected to constitutional violations by its employee, Defendant Olsen; 3) An official of the SAB's SAPD with policy making authority approving, acquiescing in, condoning and/or ratifying the decision(s) and/or conduct that caused the constitutional violations; 4) Failing to adopt an effective policy, procedure and/or regulation to prevent the constitutional violations including but not limited to effective policies, rules and/or regulations regarding the constitutional limits for stopping and seizing persons and/or using force against persons under the circumstances especially while issuing parking tickets; and 5) Failure to adequately hire, train and/or supervise their officers, including but not limited to training and/or supervision relating to the officers' stopping and/or seizing persons who are meeting airport travelers and/or people in front of its terminal areas and/or using force against such persons.

Defendant SAB asserts that Plaintiff's amended complaint must be dismissed pursuant to Rule 12(b)(6) because of the failure of Plaintiff to allege that Defendant Olsen knew of a "policy" or that such policy

induced him to act unconstitutionally. Defendant also states that Plaintiff's claims are mere conclusions and devoid of facts.

Plaintiff argues that the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and other courts applying the *Twombly* standard have made it clear that: "... we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Further, Plaintiff asserts, the *Twombly* and *Iqbal*[1] decisions do not preclude discovery. Plaintiff concludes that, taken as a whole, the facts alleged in her 33 page original complaint were sufficient to meet the *Twombly* pleading requirements. Additionally, Plaintiff argues she has amended her Complaint to provide additional specifics to further bolster her claims. While the Court makes no finding concerning admissibility of these factual assertions, they include: (1) detailed descriptions of Defendant Olsen's allegedly unreasonable and unconstitutional conduct toward several people at SIA over a 10- year time frame, some of whom complained to the SAPD; (2) notice that an attorney was investigating §1983 claims against Officer Olsen; and (3) a deputy prosecutor's recognition of Officer Olsen's escalating parking ticket situations into wrongful stops, arrests and charges before Plaintiff's arrest.

**B.  Legal Standard – Motion to Dismiss**

A cause of action may be dismissed under Fed.R.Civ.P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of*

---

[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

ORDER - 3

*California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir.1989).

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint need only set forth a short and plain statement of the claim showing the pleader is entitled to relief, and it "does not need detailed factual allegations[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). A plaintiff must, however, set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. at 1965. Allegations must indicate the pleader has a right to relief, and they must rise above the level of mere speculation. *Id*. The pleading must at least set forth factual grounds supporting a plausible basis on which liability can be imposed, or it must set forth enough facts "to raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Id*. Even if a court believes actual proof of the facts alleged is improbable, or that recovery is remote or unlikely, a pleading should still survive dismissal. *Id*.

Nonetheless, dismissal can be granted if there is a lack of a cognizable legal theory or if there is an absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). Even a liberal interpretation of a civil rights complaint may not supply essential

elements of a claim that the plaintiff failed to plead initially. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Additionally, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

**C.  Analysis**

The Court denies Defendant's motion to dismiss pursuant to Rule 12(b)(6) based on Ninth Circuit case law.  The Ninth Circuit has consistently rejected the application of a heightened pleading standard to a claim of municipality liability under § 1983, and the "plausibility" standard in *Twombly* has not affected the federal courts' continued rejection of a heightened standard. *See Young v. State of Hawaii*, 548 F.Supp.2d 1151, 1161 (D.Hawai'i 2008); *Crump v. The City and County of San Francisco*, 2007 WL 2220938, *3 (N.D.Cal.2007). Instead, under the law of the Ninth Circuit:

> a claim of municipal liability under [§] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.

*Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir.2007) (*quoting Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.2002)). The district courts in the Ninth Circuit have applied the above-quoted standard post-*Twombly*.  *See Young*, 548 F.Supp.2d at 1161.  Plaintiff has pled numerous allegations relative to her claim of municipality liability against Defendant SIA. Plaintiff alleges SAPD officer Dale Olsen violated

ORDER - 5

her various constitutional rights in the course of effecting Plaintiff's arrest. Am. Compl. at ¶¶ 5.1-5.43. Plaintiff alleges SIA followed policies or practices of failing to properly train, supervise, retain, and/or control its police officers, and the policies or practices permitted the violations of his rights to occur. Id. at ¶¶ 7.1-7.4. Specifically, Plaintiff alleges SAB dba SIA failed to investigate and impose punishment in prior situations where unlawful arrests occurred, or where excessive force was used. Id. at ¶ 5.45-5.46. Allegations suggesting that certain conduct was not an isolated incident can be sufficient to demonstrate the existence of a custom, policy, or practice. *See Crump*, 2007 WL 2220938, *3-4.

Plaintiff also alleges SIA followed policies of inaction or acquiescence which resulted in a failure to protect Plaintiff's constitutional rights. Am. Compl. at ¶ 7.2.   SIA purportedly followed policies, customs, or practices relative to the hiring, employment, and retention of its police officers which amounted to indifference to the rights of persons with whom the officers would come into contact. Id. at ¶ 7.4. Additionally, Plaintiff alleges SIA was deliberately indifferent to the need to train, supervise, and discipline its police officers relative to their conduct in effecting an arrest, and using force. *Id.* Finally, Plaintiff alleges a causal connection existed between SIA's policies and the constitutional deprivations of which Plaintiff complains. *Id.*

A municipality's failure to train or supervise its employees may subject it to liability "where the failure to train 'amounts to deliberate indifference to the rights of persons' with whom those

employees are likely to come into contact." *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir.2001) (*quoting City of Canton v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Consistent with the standard in *Twombly* such a claim will survive a motion to dismiss as long as the claim contains both allegations of misconduct and allegations of failure to train. *Atchison v. District of Columbia*, 73 F.3d 418, 423 (D.C.Cir.1996). Additionally, the notice pleading standard of *Leatherman*[2] requires nothing more. *Id*. Allegations demonstrating the existence of a custom, policy or practice, together with allegations that the custom, policy or practice was the "moving force" behind the alleged constitutional violations are sufficient to survive a motion to dismiss. *Crump*, 2007 WL 2220938, *3-4.

Taking all of Plaintiff's allegations together, the Court finds Plaintiff has sufficiently pleaded a claim of municipality liability against SIA. Plaintiff has gone beyond the minimal "bare allegations" standard followed by the Ninth Circuit. Plaintiff has alleged Defendant Olsen deprived Plaintiff of certain constitutional rights, that Defendant SIA had a policy which amounts to deliberate indifference to Plaintiff's and others' constitutional rights, that the Defendants acted pursuant to such policy, and that the policy was the moving force behind the constitutional violations. Plaintiff has plausibly alleged facts which suggest but do not prove that the Defendants may have legal liability herein. However, without basic discovery, Plaintiff cannot reasonably be expected to go further at this time. Plaintiff is not required at

---

[2]*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 164, 168 (1993) (rejecting heightened pleading standard for § 1983 suits asserting municipal liability).

ORDER - 7

this stage in the litigation to state with any <u>extra</u> specificity the nature and extent of this de facto policy by Defendant. Defendant SIA's motion to dismiss should be denied in this respect.

    **IT IS ORDERED** that Defendant Spokane Airport Board's Motion to Dismiss, **Ct. Rec. 6,** filed on October 14, 2010 is **DENIED** for the reasons stated above and at the hearing.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order.

    DATED this 20th day of January, 2011.

                            ***s/Lonny R. Suko***
                    _____
                              LONNY R. SUKO
                  CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 8